STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of James E.      }
Burke and L. Scott Frantz     }
                            }   Docket No. 218-11-99 Vtec
                            }
                            }

DECISION and ORDER

Appellants James E. Burke and L. Scott Frantz appealed from a decision of the Development Review Board (DRB) of the Town of Warren, approving an increase in the building envelope for the property of Appellee-Applicants Victor and Angela Shashoua.

Appellants are represented by Paul S. Gillies, Esq.; Appellee-Applicants are represented by John D. Hansen, Esq.; other neighboring landowners Peter and Jane Schneider entered their appearance as interested parties but did not take an active role; the Town of Warren did not enter an appearance. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence, the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellee-Applicants own a 10.1 acre parcel on Fuller Hill Road in the Rural Residential zoning district. A large portion of the parcel qualifies as " meadowland" as regulated by § III(2)(E)(4) of the Zoning Bylaws. Under that section, Appellee-Applicants were required to obtain conditional use approval, including to obtain approval of a building envelope, that is, the placement of the use on the lot. One of the criteria for approval of the placement of the use on the lot is that the placement " minimizes the disruption of the scenic quality of the site."

Appellee-Applicants obtained Permit # 1997-10-MM in July of 1997 from the then-ZBA, approving a building envelope approximately 104 feet east-to-west and 50 feet north-to-south, located in the northwest corner of the parcel, 40 feet from the rear (or northerly) boundary and 60 feet from the westerly boundary. This placement put the house site in the upper portion of the site, relatively visible from certain vantage points, including that of Appellant Burke's home. Large trees down by the roadside screen the house site to some extent from the road. In the 1997 decision the then-ZBA found that the placement of the house site will minimize the disruption of the scenic quality of the site. At the time of the 1997 conditional use (building envelope) permit, no house design or application for zoning permit to construct the house was before the then-ZBA. The 1997 conditional use (building envelope) permit contained conditions requiring Appellee-Applicants to adhere to the landscaping plan and to replace trees as needed, and defining the building envelope.

No party appealed the July 1997 ZBA approval. Therefore, the 104' x 50' building envelope placement (the house site) and its accompanying landscaping plan are not before this Court,

regardless of what the evidence shows about whether the house placement in fact disrupts the scenic quality of the site. It became final and is not before the Court in the present appeal.

Appellee-Applicants obtained approval in October 1997 for a sewage disposal system for a four bedroom house. Appellee-Applicants then obtained a zoning permit in October 1998 to construct a two-story single-family dwelling, 64' x 57' in size. No height dimension was given in that application, as shown in Exhibit E. A height limit of 35' is provided in the regulations. Building Permit #98-103-MM was issued for the construction, effective November 5, 1998. Neither the Zoning Permit nor the Building Permit was appealed. They therefore became final and are not before the Court in the present appeal.

In June of 1999, the Zoning Administrator cited Appellee-Applicants for two zoning violations: that as-built the structure measures 94' x 55' rather than the 64' x 57' approved; and that the setback to the rear property line measures 35 feet rather than the approved 40 feet. The elevation of the structure on the site did not change; rather, the foundation was excavated into the hillside five feet farther to the rear of the property. The Notice of Violation did not claim any violation for the height or number of stories of the building, although it describes the approved residence as " 64' x 57' x 28', two stories." On the rear or uphill side, the building is two stories to the eave line, plus an attic in the sloping roof. On the front, or downhill side, the building appears to have a walk-out basement under the deck, with two stories above that to the eave line, plus the attic.

No party appears to have appealed the Notice of Violation, and no enforcement action was filed by the Town. No denial of a request for the Town to take enforcement action has been appealed to this Court, and no mandamus action has been filed. Therefore, the question of whether either the height or the number of stories violates the original permit is not before the Court; the question of whether the length of the building as built violates the original permit is not before the Court; and the question of whether the placement of the building (building envelope) as built violates the original permit is not before the Court. In particular, additional screening made necessary by the increase in the visible number of stories or visible breadth of the building from the 64 feet approved in the permit to the 94 feet as built, is not before the Court in the present case.

In response to the notice of violation regarding the building envelope, Appellees applied for zoning permit # 1999-55-MM, seeking an amendment to the conditional use approval[1] for the building envelope. We note that this application only sought amendment to the building envelope (permit # 1997-10-MM), and did not seek amendment to the zoning permit for the house construction (permit #1998-103-MM). That is, although the building envelope amendment application stated the dimensions of the building as 94' in length, 55' in width, 28' in height, and as having 2 stories plus basement, the application did not seek or obtain approval of the larger, longer house dimension, and did not rule on or resolve whether the building as-built violated permit #1998-103-MM. This application only sought to extend the building envelope another five feet to the rear of the property, (away from Appellants' properties). In connection with the application, Appellee-Applicants proposed amendments to the planting plan.

Because the amendment only seeks to extend the building envelope towards the rear of the property, those aspects of the project that are unchanged from the unappealed 1997 permit

cannot here be challenged either directly or indirectly. While the Court agrees that Appellants' proposed planting plan would be far superior to that proposed by Appellee-Applicants in minimizing the disruption to the scenic quality of the site caused by the placement of the building envelope, and by the increased breadth and apparent number of stories of the house as built, the Court cannot impose it in the context of this amendment application merely to extend the building envelope to the rear of the site. The original planting plan could have been challenged in the 1997 proceeding to set the building envelope, just as the size and the height of the house could have been challenged in the 1998 proceeding approving of the house construction, and just as the excessive length and possibly excessive height of the house could have been addressed (and may still be able to be addressed) in an enforcement proceeding, or by challenging the failure of the Town to bring an enforcement proceeding.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' appeal is DENIED; the application is approved on the same terms as approved by the Development Review Board.

Dated at Barre, Vermont, this 8th day of January, 2001.


_____
Merideth Wright
Environmental Judge


**Footnotes**

[1.]     We also note that the amendment application characterized the "description of work to be done" as: "amend meadowland conditional use variance to conform to as-built status", but, in fact, no variance was involved. The DRB's "Finding of Fact and Notice of Decision" carries forward this title in its caption: "Meadowland Variance Review." However, this application was in fact for an amendment of the site envelope approval and not for a variance. The DRB did not apply the variance criteria in the regulations or ordinance, and the Court draws no conclusions about whether this project could qualify for a variance under the statutory criteria.